Dear Chief Newman:
You have recently asked us to determine whether the law requires you to be "P.O.S.T." certified in order to receive state supplemental pay benefits under the terms of LSA-R.S. 33:2218.2, providing:
 § 2218.2. Rate of compensation; prior service; supplemental monthly compensation; police to receive additional compensation
 A. In addition to the compensation now paid by any municipality or by the Chitimacha Tribe of Louisiana, hereinafter referred to as "tribal", included in the Subpart to any police officer, every police officer employed by any municipality or tribe which employs one or more police officers who devotes his full working time to law enforcement and for those hired after March 31, 1986, who completed and passed a council certified training program as provided in LSA-R.S. 40:2405, shall be paid by the state extra compensation as follows:
 (1) One hundred seventy-four dollars per month for each full-time municipal or tribal law enforcement officer who has completed or who hereafter completes one year of service.
 (2) Two hundred twenty-nine dollars per month for each full-time municipal or tribal law enforcement officer who has completed or who hereafter completes three years of service.
 (3) Two hundred sixty dollars per month for each full-time municipal or tribal law enforcement officer who has completed or who hereafter completed six years of service.
 B. (1) In computing the period of service required by Subsection A of this Section, service as a police officer and as chief of police with peace officer standards and training (POST) certification in the municipality or tribe shall include prior service for those police officers and chiefs of police who have returned or hereafter return to such service. In addition, in computing the period of service required by Subsection A, service as a police officer and as chief of police in the municipality or tribe shall include prior service as a commissioned deputy sheriff receiving extra compensation under the provisions of LSA-R.S. 33:2218.8 and shall include prior service of retired state police officers who received extra compensation under the provisions of LSA-R.S. 40:1457. (Emphasis added).
The statute governing peace officer training requirements is found in LSA-R.S. 40:2405, providing:
§ 2405. Peace officer training requirements
 A. Notwithstanding any other provision of law to the contrary, any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Failure to comply with this requirement will be grounds for the council to seek an injunction prohibiting such an individual from exercising the authority of a peace officer.
 B. Additionally, the receipt of supplemental pay from the municipal police officers' fund, the deputy sheriffs' fund, or the state police fund shall be contingent upon the recipient's beginning employment as a peace officer after January 1, 1986, successfully completing a council-approved training program, and passing the council-approved examination within one calendar year from date of initial employment.
 C. Peace officers employed as such prior to January 1, 1986, may continue their employment and their receipt of supplemental pay without compliance with the provisions of this Section.
 D. In no case shall the failure of a peace officer to obtain the required training before the passage of one calendar year from the date of initial employment be grounds to suppress any evidence, testimony, or law enforcement action whatsoever in a court of law.
 E. Peace officers employed after January 1, 1986, in villages of one thousand or less, according to the last decennial census, shall have a period of two calendar years to comply with the provisions of this Section, provided that in no case shall a peace officer of such a village be prevented from continuing his duties or receiving regular or supplemental pay if the village is unable to provide the requisite training because of shortage of funds.
Note that "peace officer" is defined under LSA-R.S. 40:2402, providing:
§ 2402. Definitions
As used in this Chapter:
 (1)(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
 (b) "Peace officer" shall also include those sheriff's duties include the care, custody, and control of inmates.
 (2) "Law enforcement training course" means a basic or advanced course of study certified by the council on peace officer standards and training, for the purpose of educating and training persons in the skills and techniques required of a peace officer in the discharge of his duties.
 (3) "Training center" means any school, academy, institute, or any place of learning whatsoever, which offers or conducts a law enforcement training course. (Emphasis added).
While "peace officer" does not include an elected or appointed chief of police for purposes of retaining "P.O.S.T." certification under LSA-R.S. 40:2401, et seq., LSA-R.S.33:2218.2, governing eligibility for state supplemental benefits, makes no such exception.
While you may be exempt from certification requirements for purposes of LSA-R.S. 40:2401, et seq., you remain ineligible for supplemental pay benefits unless you have met the requirements of law as provided in LSA-R.S. 33:2218.2.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams